**XCALIBER INTERNATIONAL LIMITED, LLC, Plaintiff,**

v.

**Charles C. FOTI, Jr., in his official capacity as Attorney General, State of Louisiana, Defendant.**

**Misc. Action No. 06–545 (JMF).**

United States District Court, District of Columbia.

April 2, 2007.

Xcaliber International Limited LLC, Pro se.

Robert P. Fletcher, Nixon Peabody LLP, Washington, DC, for Defendant.

## MEMORANDUM OPINION and ORDER

FACCIOLA, United States Magistrate Judge.

This is a miscellaneous action involving a subpoena served upon the Attorney General of the State of Louisiana. In an action pending in Louisiana, plaintiff XCaliber International Limited, LLC, has challenged a 2003 amendment to a Louisiana statute that concerns state escrow accounts required to be maintained by certain cigarette manufacturers (including Plaintiff) to cover potential health care costs associated with smoking cigarettes. This statute and a related Allocable Share Amendment are in turn related to the 1998 Master Settlement Agreement between major cigarette manufacturers and 46 settling States, the District of Columbia, Puerto Rico, and four territories.

Movant, the National Association of Attorney Generals ("NAAG"), has the responsibility of coordinating and facilitating the implementation and enforcement of the Master Settlement Agreement on behalf of the governmental entities that are parties to it.

Plaintiff has served upon NAAG a subpoena that NAAG feared would cause it to produce "confidential and sensitive commercial and trade information of the type protected from disclosure by Fed.R.Civ.P. 26(c)(7)." *Motion for Entry of Protective Order in Response to Subpoena for Production of Confidential Documents,* ¶ 4 at 2.

The parties have negotiated a protective order pertaining to the subpoena but have reached an impasse as to one term. There is in existence another protective order, entered by a United States Magistrate Judge in the Eastern District of Louisiana, that provides that the Magistrate Judge will determine whether a document should be filed under seal or made a part of the court record and, if the judge concludes that a document is not to be filed under seal, it cannot be filed under seal and must be made a part of the court record. NAAG, concerned that there is no provision for review of the magistrate judge's determination, proposes that this Court enter a protective order that would permit movant to come before this Court "for a determination of non-confidentiality." *Motion for Entry of Protective Order in Response to Subpoena for Production of Confidential Documents,* ¶ 11(a). Specifically, the proposed paragraph provides:

> If a document designated as containing NAAG Confidential Information is determined not to be confidential by the Eastern District of Louisiana, the submitting party may seek the removal of the confidential designation in this Court pursuant to the provisions of this Order, or shall refrain from filing such documents in the Eastern District of Louisiana.

*Id.*

Thus, NAAG would have me create an ersatz appeal of the Louisiana court's determination not to permit a certain document to be filed under seal, giving NAAG a "second crack at the apple" and, failing success, granting it the right not to file the document at all even though it is subject to the subpoena.

Since the parties do not agree on this provision, I cannot force it upon the one party who will not agree, and I will therefore not sign the order. Movant will

therefore have to comply with the subpoena or seek whatever remedies are available to it under Federal Rule of Civil Procedure 45(c)(3)(b)(i).

### Conclusion

For the reasons stated herein, NAAG's *Motion for Entry of Protective Order in Response to Subpoena for Production of Confidential Documents* is hereby **DENIED. SO ORDERED.**